# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| **DAVID SMITH, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **1:09CV378** |
| **v.** | ) | **1:09CV379** |
| | ) | |
| **CROWNE PARTNERS INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |


## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

These matters come before the Court on Defendant's motion to compel arbitration (Docket No. 6, 1:09CV379; Docket No. 7, 1:09CV378), and on Plaintiff's motion to deny Defendant's motion to compel. (Docket No. 13.) The Court held a hearing on these motions on September 29, 2009. Counsel for Defendant were present as well as the *pro se* Plaintiff. In addition, the matters have been fully briefed. For the reasons stated from the bench in the September 29 hearing, the Court recommends that Defendant's motion to compel arbitration be granted and that this action be stayed to afford Plaintiff the opportunity to initiate the arbitration process. The Court also recommends that Plaintiff's motion to deny Defendant's motion to compel be denied.

The evidence of record shows that an arbitration agreement exists between Plaintiff and Crowne at James Landing Apartments (Crowne) for any employment-related dispute between Plaintiff and Crowne. Plaintiff voluntarily signed the acknowledgment of the policy

of arbitration contained in his employee handbook. Crowne initiated and continued Plaintiff's employment in exchange for that agreement. Defendant, as the management company for Crowne, is entitled to enforce that agreement. The dispute at issue concerns Plaintiff's employment at Crowne, specifically allegations of racial discrimination and retaliation. The dispute therefore falls within the scope of that agreement.

Both state and federal law favor the enforcement of employment-related arbitration agreements. *Collie v. Wehr Dissolution Corp.*, 345 F. Supp. 2d 555, 558-60 (M.D.N.C. 2004) (finding that North Carolina public policy favors settlement of disputes by arbitration and rejecting plaintiff's argument that Federal Arbitration Act cannot apply to at-will employment contracts). Plaintiff's arguments fail to establish a valid legal or factual basis not to enforce the arbitration agreement.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to compel arbitration (Docket No. 6, 1:09CV379; Docket No. 7, 1:09CV378) be granted. Further, **IT IS RECOMMENDED** that Plaintiff's motion to deny Defendant's motion to compel (Docket No. 13) be denied. This action should be stayed to afford Plaintiff the

opportunity to initiate arbitration proceedings. Plaintiff shall initiate arbitration within 90 days of any order adopting this Recommendation.


_____/s/ P. Trevor Sharp_____
United States Magistrate Judge


Date: October 6, 2009